**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VINCENT J. SPEACH, JR.,**

    **Plaintiff,**

v.                                                         **Case No. 8:14-cv-672-T-30TGW**

**GENERAL INSURANCE COMPANY OF**
**AMERICA and 21ST CENTURY**
**CENTENNIAL INSURANCE COMPANY,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 10) and Defendant General Insurance Company of America's Response in Opposition (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## **BACKGROUND**

Plaintiff Vincent J. Speach, Jr. commenced this action on January 29, 2014, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Speach seeks uninsured motorist benefits against Defendants General Insurance Company of America and 21st Century Centennial Insurance Company. Speach's complaint alleges that Defendant General issued a policy of automobile liability insurance to Speach providing, in relevant part, uninsured/underinsured motorist benefits ("UM coverage") under Florida law. The subject policy provides UM coverage in the amount of $1,000,000.00.

In April 2013, Speach was involved in an accident with an uninsured/underinsured motorist, Nicole A. Wylie. Speach was injured and suffered a permanent injury, including permanent and significant scarring, the loss of use of an important bodily function, resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to earn money, and medical expenses. Speach alleges that his damages exceed the limits of liability coverage afforded to Wylie.

On October 10, 2013, Speach's counsel made a pre-suit demand on General in the amount of $500,000, as full and final settlement of Speach's claim. The letter outlines Speach's significant injuries and medical treatment and approximates Speach's *future* medical treatment, over his lifetime, in the range of $78,000.00 - $104,000.00. The letter also states that Speach is a candidate for surgical intervention, which will approximate $75,000.00, and does not include anticipated charges for hospital stay, operating room, and anesthesia, estimated to total approximately $150,000.00.

On February 20, 2014, General was served with the complaint. On March 18, 2014, General timely removed the complaint to this Court based on diversity jurisdiction. The notice of removal indicates that the parties are diverse and Speach's damages exceed the amount in controversy. General relied upon the allegations in the complaint, the $1,000,000.00 UM coverage, and the pre-suit demand in the amount of $500,000.00 to establish that the amount in controversy exceeds $75,000.00.

On April 15, 2014, General filed a notice with this Court, indicating that 21st Century consented to General's removal.

Speach now moves to remand the case. Speach argues that General did not establish that the amount in controversy exceeds $75,000.00. Speach's motion is without merit.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the

removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. Speach alleges his damages exceed the limits of liability coverage afforded to the tortfeasor, Wylie. Speach alleges that the liability coverage under his insurance policy with General is $1,000,000.00 per occurrence. The complaint describes Speach's extensive damages. Moreover, the pre-suit demand letter seeks $500,000.00 to settle the case and outlines, in detail, Speach's damages, including future damages that exceed $75,000.

In sum, it would "suspend reality" to conclude that Speach's damages do not exceed $75,000. And Speach's arguments to the contrary are without merit. Speach relies on outdated case law that does not apply to a removal filed within thirty days of service. And Speach's analysis of an "other paper" is nonsensical in light of the procedural posture of this case.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 10) is denied.

    2.    Plaintiff's Motion for Leave to File Reply (Dkt. 14) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2014.

                              JAMES S. MOODY, JR.
                              UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-672.denymtremand-first-paragraph.frm